

# scura

www.scura.com
Tel: 973-696-8391
Fax: 973-696-8571

SCURA • WIGFIELD • HEYER
STEVENS • CAMMAROTA, LLP

▲■ John J. Scura III, Esq.
David C. Wigfield, Esq.
● Christopher Heyer, Esq.
● David L. Stevens, Esq.
● Pietro Cammarota, Esq.

● Guillermo J. Gonzalez, Esq.
●◆ Mark T. Matri, Esq.
Carlos D. Martinez, Esq.
Jamal Romero, Esq.
Timothy J. Bartzos, Esq.

Roshni Shah, Esq.
Paul S. Evangelista, Esq.
◆ Joseph A. Hallock, Esq. (Of Counsel)
Erich H. Kamm, Esq. (Of Counsel)

■ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney    ● Also admitted in New York    ▲ Also admitted in Pennsylvania    ◆ Also admitted in Florida

August 1, 2024

**Via Regular Mail**
U.S. Bankruptcy Court-District of NJ
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102
Attn: Bankruptcy

FILED
JEANNE A. NAUGHTON, CLERK
AUG 13 2024
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

**Re: Certified Seal**
**Debtor: Claire J. Myrie**
**Case No: 18-27104**

Dear Judge Meisel:

Please be advised that the Court entered multiple Orders Granting Supplemental Chapter 13 Fees against Claire J. Myrie on the following dates; July 17, 2019, November 17, 2020 and May 16, 2023. We kindly request three Exemplified Orders to be provided and sealed by your office. Additionally, please see the attached fee in the amount of $72.00 for our request.

Please mail the exemplified copy of the orders to our office in the enclosed self-addressed stamped envelope.
Thank you for Your Honor's attention to this matter.

Respectfully,

/s/ David L. Stevens
David L. Stevens, Esq.

| Wayne | Secaucus | Hackensack | Newark |
|---|---|---|---|
| 1599 Hamburg Tpke | 1 Harmon Meadow Blvd | 3 University Plaza | One Gateway Center |
| Wayne, NJ 07470 | Suite 201 | Suite 207 | Suite 2600 |
| *Mailing Address* | Secaucus, NJ 07094 | Hackensack, NJ 07601 | Newark, NJ 07102 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Scura, Wigfield, Heyer,
Stevens & Cammarota, LLP
1599 Hamburg Turnpike
P.O. Box 2031
Wayne, NJ 07470
973-696-8391
Attorney for Debtor

Order Filed on July 17, 2019 by
Clerk, U.S. Bankruptcy Court -
District of New Jersey

In Re:

Claire J Myrie

Case No.: 18-27104

Chapter: 13

Judge: SLM

# ORDER GRANTING SUPPLEMENTAL CHAPTER 13 FEES

The relief set forth on the following page is **ORDERED**.

DATED: July 17, 2019

Honorable Stacey L. Meisel
United States Bankruptcy Judge

The applicant having certified that legal work supplemental to basic chapter 13 services has been rendered, and no objections having been raised, it is:

ORDERED that  Scura, Wigfield, Heyer, Stevens & Cammarota, LLP , the applicant, is allowed a fee of $ _____1,375.65_____ for services rendered and expenses in the amount of $_____0.00_____ for a total of $_____1,375.65_____ . The allowance is payable:

    ☒ through the Chapter 13 plan as an administrative priority.

    ☐ outside the plan.

The debtor's monthly plan is modified to require a payment of $_____n/a_____ per month for _____n/a_____ months to allow for payment of the above fee.

*rev.8/1/15*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Scura, Wigfield, Heyer,
Stevens & Cammarota, LLP
1599 Hamburg Turnpike
P.O. Box 2031
Wayne, NJ 07470
973-696-8391
Attorney for Debtor

Order Filed on November 17, 2020
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

In Re:

Claire J. Myrie,

    Debtor.

Case No.: 18-27104-SLM

Chapter: 13

Judge: Stacey L Meisel

## ORDER GRANTING SUPPLEMENTAL CHAPTER 13 FEES

The relief set forth on the following page is **ORDERED**.

DATED: November 17, 2020

Honorable Stacey L. Meisel
United States Bankruptcy Judge

The applicant having certified that legal work supplemental to basic chapter 13 services has been rendered, and no objections having been raised, it is:

ORDERED that  Scura, Wigfield, Heyer, Stevens & Cammarota, LLP , the applicant, is allowed a fee of $ _____3,015.00_____ for services rendered and expenses in the amount of $_____14.40_____ for a total of $_____3,029.40_____ . The allowance is payable:

    ☒ through the Chapter 13 plan as an administrative priority.

    ☐ outside the plan.

The debtor's monthly plan is modified to require a payment of $_____n/a_____ per month for _____n/a_____ months to allow for payment of the above fee.

*rev.8/1/15*

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Scura, Wigfield, Heyer,<br>Stevens & Cammarota, LLP<br>1599 Hamburg Turnpike<br>Wayne, NJ 07470<br>973-696-8391<br>David L. Stevens, Esq.<br>dstevens@scura.com<br>Attorney for Debtor | Order Filed on May 16, 2023<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Claire J. Myrie,<br><br>　　　　Debtor. | Case No.:  18-27104-SLM<br>Chapter:  13<br>Judge:  SLM |

## ORDER GRANTING SUPPLEMENTAL CHAPTER 13 FEES

The relief set forth on the following page is **ORDERED**.

**DATED:** May 16, 2023

　　　　　　　　　　　　　　　　　　　　　　　／s／ Stacey L. Meisel
　　　　　　　　　　　　　　　　　　　　　　　Honorable Stacey L. Meisel
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

The applicant having certified that legal work supplemental to basic chapter 13 services has been rendered, and no objections having been raised, it is:

ORDERED that  Scura, Wigfield, Heyer, Stevens & Cammarota, LLP , the applicant, is allowed a fee of $ _____11,144.00_____ for services rendered and expenses in the amount of $_____46.19_____ for a total of $_____8,690.19$^*$_____ . The allowance is payable:

☒ $1,937.25 through the Chapter 13 plan as an administrative priority.$^{**}$

☒ $6,752.94 outside the plan.

The debtor's monthly plan is modified to require a payment of $_____N/A_____ per month for _____N/A_____ months to allow for payment of the above fee.

*Applicant voluntarily reduced the compensation sought to be approved by $2,500 leaving a balance to be paid totaling $8,690.19.

**The case has been dismissed but the Standing Chapter 13 Trustee is holding funds in the amount of $1,937.25. After reduction for administrative fees owed the Standing Chapter 13 Trustee, allowance shall be paid as a priority claim to the extent funds are available with the balance of the allowance paid outside the plan.

*rev.8/1/15*